# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| ANDRE D. BLACKMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:20-CV-503-RLJ-HBG |
| | ) | |
| SGT. KIDD, CPL. SEALS, CPL. HARVEY, LT. MILLER, C/O Hill, CAPT. COOPER, CAPT. TURNER, C/O DUNCAN, C/O HAYES, C/O MOORE, KNOX COUNTY SHERIFF'S OFFICE, CAPT. COX, LT. SPRENG, LT. D. SPARKS, CPL. MONEYMAKER, C/O TAYLOR, C/O LOVELESS, CHIEF BIVENS, C/O K. THORNBURY, MRS. WHITEHAD, and CHIEF STEVENS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is an action for violation of 42 U.S.C. § 1983 in which Plaintiff, a prisoner proceeding pro se, alleges that various incidents during his confinement violated his constitutional rights [Doc. 13].  This matter is now before the Court for consideration of Plaintiff's failure to comply with the Court's previous order [Doc. 14].  Specifically, on November 5, 2021, the Court entered an order (1) noting that it appeared Plaintiff's address had changed without Plaintiff notifying the Court of that change; (2) requiring Plaintiff to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with Court orders within fifteen (15) days of entry of that order; and (3) notifying Plaintiff that failure to timely comply with that order would result in dismissal of this action without further warning [*Id.* at 1–2].  Plaintiff has not timely complied with this order or otherwise communicated with the Court, and his time for doing so has

passed.  Accordingly, for the reasons set forth below, this action will be **DISMISSED with prejudice** pursuant to Rule 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure comply with its previous order is due to Plaintiff's willfulness or fault.  Specifically, as the United States Postal Service has not returned the mail to Plaintiff containing the Court's previous order to the Court, it appears that Plaintiff may have received that order and chosen not to comply.  But even if the Court assumes that Plaintiff did not receive the Court's previous order because his address changed and he failed to update the Court of that address change, which seems likely for the reasons the Court set forth in its previous order [*Id.*], the Court has repeatedly notified Plaintiff that failure to update his address with the Court within fourteen days of an address change would be grounds for dismissal of this action [Doc. 3 p. 1; Doc. 4 p. 2; Doc. 8 p. 3; Doc. 9 p. 2; Doc. 12 p. 3; Doc. 14 p. 2].  Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order and/or update his address with the Court has not prejudiced Defendants, as they have not yet been served, but notes that neither the Court nor Defendants can communicate with Plaintiff without his current address.  As to the third factor, as noted above, the Court's previous

order notified Plaintiff that failure to comply with that order would result in dismissal of this action [Doc. 14 p. 2], and the Court has repeatedly notified Plaintiff that failure to update his address with the Court within fourteen days of an address change would be grounds for dismissal of this action [Doc. 3 p. 1; Doc. 4 p. 2; Doc. 8 p. 3; Doc. 9 p. 2; Doc. 12 p. 3; Doc. 14 p. 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, he has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's previous order or updating the Court as to his address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED with prejudice** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge